# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LORENZO ALLEN MORRIS,

        Plaintiff,

v.

DAMON SEWELL, *et al.*,

        Defendants.

Case No. 2:20-cv-13240-PDB-JJCG
District Judge Paul D. Borman
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANT KEITH JANUARY

### I. Background

On December 1, 2020, Lorenzo Allen Morris brought this *pro se* employment discrimination complaint against Damon Sewell, Rochelle Shane, Erin Ferguson, Benjamin Jackson[1], Keith January, and Sharon Sklar for allegedly violating his rights under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Elliot-Larson Civil Rights Act, and the Fourteenth and Fifteenth Amendments. (ECF No. 1.) The Court granted Morris's application to proceed *in forma pauperis* and directed the U.S. Marshal Service to serve the defendants, including January. (ECF No. 4.) The U.S. Marshal Service attempted service twice on January but was unsuccessful, as the summons was returned as unexecuted. (ECF No. 8; ECF No. 17.)

---

[1] Although this defendant is docketed as Benjamin Jackson, the complaint names the defendant as "Benjaman Jackson." (ECF No. 1.)

On March 11, 2021, Sewell, Shane, Ferguson, Jackson, and Sklar answered the complaint, but January failed to answer or file a responsive pleading. (ECF No. 9.) The Court then issued an order directing January to answer or file a responsive pleading. (ECF No. 15.) The order was returned as undeliverable. (ECF No. 16.)

Judge Curtis Ivy, Jr. ordered Morris to show cause on or before October 5, 2021 why the Court should not recommend dismissal of January for failure to prosecute under Eastern District of Michigan Local Rule 41.2 and Federal Rule of Civil Procedure 41(b). (ECF No. 18.) Morris did not respond to the order.

On September 29, 2021, Judge Paul D. Borman referred pretrial matters to the undersigned. (ECF No. 19.) For the following reasons, the undersigned **RECOMMENDS** that the action be **DISMISSED** as to January for failure to prosecute under Local Rule 41.2 and Rule 41(b) and for failure to timely effect service of process under Federal Rule of Civil Procedure 4(m).

## II.     Dismissal under E.D. Mich. LR 41.2 and Fed. R. Civ. P. 41(b)

Under Rule 41(b), federal courts may *sua sponte* dismiss a claim for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). This authority is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of [this Court]." *Link*, 370 U.S. at 629. Further, the local rules state that the Court may dismiss a case for failure to prosecute when "the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2.

2

When contemplating Rule 41(b) dismissal of an action, the Sixth Circuit considers four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

Here, the factors weigh in favor of dismissal. The first factor weighs in favor of dismissal because of Morris's willful conduct. *Id.* at 737 (citing *Knoll*, 176 F.3d at 363). That Morris did not respond to the order to show cause and failed to serve January "leads to an inference that he has willfully abandoned this case." *Hoffman v. M&T Bank Corp.*, Civil No.:1:20-cv-02455, 2021 WL 2603825, at *2 (M.D. Pa. June 9, 2021), *report and recommendation adopted*, No. 1:20-cv-02455, 2021 WL 2588828 (M.D. Pa. June 24, 2021).

The second factor weighs in favor of dismissal because January is prejudiced by Morris's dilatory conduct. *Schafer*, 529 F.3d at 737 (citing *Knoll*, 176 F.3d at 363). When a plaintiff fails to serve a defendant, "[e]xamples of prejudice [on the adversary] are 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Id*. January is prejudiced by Morris's failure to serve him because January is unable to "prepare effectively a full and complete trial strategy" absent service. *Id*.

3

Morris's failure to serve January also deprives him of "receiving adequate notice of" this lawsuit and "hinders [him] from defending against the allegations." *Id*. And not serving January "frustrates and delays resolution of this action." *Id*. Thus, January is prejudiced by Morris's failure to serve him because he has "not been notified of the" lawsuit against him and has "been inhibited from preparing a trial strategy or defense." *Id*.

The third factor weighs in favor of dismissal because Morris was warned that failure to cooperate would lead to a recommendation of dismissal. *Schafer*, 529 F.3d at 737 (citing *Knoll*, 176 F.3d at 363); *see also Stough v. Mayville Community Schools*, 138 F.3d 612, 615 ("Prior notice, or lack thereof, is thus a key consideration when…dismissing a case pursuant to Rule 41(b)"). After two attempts by the U.S. Marshal Service to serve January and return of the order directing January to file an answer or responsive pleading as undeliverable, the Court ordered Morris to show cause why the action should not be dismissed as to January for failure to prosecute under Local Rule 41.2 and Rule 41(b). (ECF No. 18.) In its order to show cause, the Court warned Morris that failure to respond would result in recommendation for a Local Rule 41.2 and Rule 41(b) dismissal. *Id*. Morris did not respond to this warning.

The fourth factor also weighs in favor of dismissal because less drastic sanctions were considered before recommending dismissal. *Schafer*, 529 F.3d at 737 (citing *Knoll*, 176 F.3d at 363). Since Morris failed to comply with the lesser sanction of conditional

4

dismissal imposed by the order to show cause, the only effective sanction is dismissal. *Santamaria v. Todd Ins. Agency*, 231 F.R.D. 246, 248 (E.D. Tex. 2005).

On balance, all four factors support dismissal for failure to prosecute, so the undersigned recommends dismissal of January under Local Rule 41.2 and Rule 41(b).

### III. Dismissal under Fed. R. Civ. P. 4(m)

The undersigned also recommends dismissal of January for failure to timely effect service of process under Rule 4(m). Under this Rule, if defendants are not served within 90 days after the complaint is filed, a court may *sua sponte* dismiss without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for failure to effect service of process, a court is required to extend time for the plaintiff to serve defendants. *Id.*; *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). The Plaintiff has the burden to establish good cause for failure to timely effect service. *Habib*, 15 F.3d at 73.

Here, as of the date of this order, 329 days have passed since Morris filed his complaint. The Court also gave Morris time to show cause why January should not be dismissed from this action (ECF No. 18), but he chose not to respond. Accordingly, in addition to recommending dismissal under Local Rule 41.2 and Rule 41(b), the undersigned also recommends that January be dismissed under Rule 4(m) for failure to timely effect service of process.

5

## IV. Conclusion

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DISMISS** January under Local Rule 41.2, Rule 41(b), and Rule 4(m).

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

Dated: October 26, 2021

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must precisely specify the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2021.

s/ **S. Osorio**
Sandra Osorio
Case Manager